**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :
vs. : CR 05-98T
:
RICHARD HATCH :

**OBJECTION TO DEFENDANT'S MOTION TO COMPEL**
**PRODUCTION OF I.R.S. SPECIAL AGENT'S REPORT**

The United States of America, by and through its undersigned attorneys, respectfully submits this Objection to Defendant's Motion to Compel Production of I.R.S. Special Agent's Report. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERTCLARKCORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

**In hereby certify that on the 26th day of October, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:**

**John MacDonald, Esq.**
**One Turks Head Plaza**
**Suite 1440**
**Providence, R.I. 02903**

**Michael Minns, Esq.**
**9119 South Gessner**
**Suite One**
**Houston, TX 77074**

Libana M. Steele

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :

vs. : CR 05-98T

RICHARD HATCH :

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF I.R.S. SPECIAL AGENT'S REPORT**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Government's Objection to Defendant's Motion to Compel Production of I.R.S. Special Agent's Report.

On September 19,2005, Magistrate Judge Lincoln D. Almond issued a Pretrial Discovery Order which required the government to disclose information pursuant to Rule 16, Fed. R. Crim. P., and exculpatory information. In response to that Order, on September 27,2005, the government provided approximately 4000 pages of documents to the defendant (primary in a CD format).

The government is aware of its obligation to disclose "evidence favorable to an accused . . . that is material either to guilt or to punishment," Bradv v. Maryland, 373 U.S. 83, 87 (1963), and it has withheld no such evidence. The government also is aware of its obligation to produce impeachment evidence. See Giglio v. United States, 405 U.S. 150, 154 (1972). It has withheld no impeachment evidence.

Defendant's Motion seeks disclosure of the report that was prepared by the I.R.S. Special

Agent in charge of the investigation. The report details the agent's findings, summarizes the investigation, sets forth names and addresses of witnesses, and presents a theory of prosecution. After review by the I.R.S., the report is sent to the Tax Division of the Department of Justice, and is ultimately presented to the United States Attorney's Office for the purpose of assisting the government attorney in deciding what charges to seek before the grand jury.

Although defendant's motion suggests that the report contains exculpatory information, the motion fails to set forth any specific facts to support of his belief that the report contains such information. He merely speculates that these types of reports "generally" contain exculpatory information. For example, without any factual basis he states that the "Special Agent's report will contain statements from Mr. Hatch which require disclosure under Rule 16." In fact, the report does not contain any discoverable statements of the defendant. Likewise, to support his claim that the report contains exculpatory information, he merely states that he "generally" believes that these reports contain exculpatory information. In fact, the report does not contain exculpatory information. What is apparent, is that this motion serves only as a fishing expedition for information that would not otherwise be discoverable under Rule 16 or Bradv.

**A** similar request for information was made by the defendant in the recently decided First Circuit case of United States v. Caro-Muniz, 406 F.3d 22 (1" Cir. 2005). In that case the defendant claimed that the district court erred by failing to conduct an in camera review of tape recordings made by a government informant on the grounds that the recordings might contain exculpatory or impeachment evidence. In upholding the defendant's conviction and the ruling of the district court against in camera review of the tapes, the Court of Appeals stated as follows:

"[a] defendant's right to discover exculpatory evidence does not include the unsupervised

authority to search through the [government's] files." Pennsvlvania v. Ritchie, 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Similarly, Brady does not permit a defendant "to conduct an in camera fishing expedition through the government's files...." United States v. Pou, 953 F.2d 363, 367 (8th Cir.1992). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). Instead, "to establish a violation of Brady, a defendant must provide the court with some indication that the materials to which he ... needs access contain material and potentially exculpatory evidence." United States v. Brandon, 17 F.3d 409,456 (1st Cir.1994)

Caro's request that seventy-one tape recordings containing hours of dialogue be reviewed by the district court is hardly particularized. This is precisely the type of fishing expedition that Brady does not permit. Caro identified no particular tape of specific interest and has provided no basis for this court to conclude that any recording contained potentially favorable evidence. In the absence of a particularized and focused request, the district court is not required to troll through voluminous recordings in search of potentially exculpatory evidence.

When a defendant fails to present a narrowly tailored and specific request, Brady places the burden of disclosing evidence favorable to the defendant on the government, not on the court. ***See*** Ritchie, 480 U.S. at 59, 107 S.Ct. 989 "In the typical case where a defendant makes only a general request for exculpatory material under Bradv v. Marvland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.")."

United States v. Caro-Muniz, 406 F.3d at 29. Accord, United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir. 1986), cert. denied, 479 U.S. 1038 (1987), ("'[T]he appellant['s] mere speculation about materials in the government's files [does not require] the district court or this court under Brady to make the materials available for [the appellant's] inspection.' (citation omitted) Nor does Brady 'require the trial court to make an in camera search of the government files for evidence favorable to the accused.'" (citation omitted)); United States v. Holmes, 722 F.2d 37, 41 (4th Cir. 1983) ("[W]e think the district court was correct in ruling that it had no obligation to conduct a general Brady-rule in camera search through the files of the prosecutor when the

prosecutor had assured the district court that all possibly exculpatory material had been produced.").

Defendant also provides no case law in support of his proposition that he is entitled to disclosure of the Special Agent's report. For example, he relies on United States v. Quintanilla, 760 F.Supp. 687,696 (N.D. Ill. 1991), *aff'd*, 2 F.3d 1469 (7" Cir. 1993), where the Court noted that "Brady does not authorize a defendant to peruse government files in the hope of finding potentially exculpatory evidence."

Likewise, he mistakenly relies on United States v. Buford, 889 F.2d 1406 (5th Cir. 1989). That opinion involved an I.R.S. report known as an individual master file, or IMF. The IMF became an issue in that case when a government attorney asked a defendant on cross-examination if it was true that he had not filed certain tax returns. The defendant responded that he had filed the returns, and the government then called an IRS records custodian to say her agency had no records of the returns. The IMF would have been the most direct record of whether the returns had been filed, but the government refused to deliver it to the defendant and the court failed to review it in camera. The Fifth Circuit remanded the case, instructing the trial court to conduct the review to determine whether the defendant had filed the returns in question. The case had nothing to do, however, with disclosure of the Special Agent's report.

Furthermore, the report at issue was authored by the I.R.S. Special Agent in charge of the investigation, and embodies the results of his investigation. Rule 16(a)(2), Fed. R. Crim. P., provides that "[e]xcept as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by [a] ... government agent in connection with investigating or prosecuting the case." The report in

question falls squarely within the parameters of Rule 16(a)(2), and therefore is not subject to discovery.

Finally, the defendant seeks to rely on the Jencks Act to require disclosure of the Special Agent's report. While all or a portion of the report may be discoverable in the event the Special Agent who prepared the report testifies as a trial witness, at this point in time it is premature to even consider disclosure on the basis of the Jencks Act. First, it is not certain that the Special Agent will be a witness at trial. Second, even if the Special Agent does testify at trial, the Jencks Act does not mandate disclosure of his prior statements at this time.

For all of these reasons, the government respectfully requests this Court to deny both defendant's Motion for Production of the I.R.S. Special Agent's report and for in camera inspection.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

In hereby certify that on the 26th day of October, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lisa M. Steele