**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-98T** |
| | : | |
| **RICHARD HATCH** | : | |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF STATEMENTS

Now comes the defendant, Richard Hatch, by and through counsel, and hereby moves this Honorable Court for an order compelling the Government to disclose all statements made by Jodi Rodriquez-Wallis. A memorandum of law in support of this motion is attached hereto.

Respectfully submitted,
Richard Hatch
By his attorneys,

Michael Minns /JEM

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams / JEM

Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 11-8-05 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 05-98T |
| | : | |
| RICHARD HATCH | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF STATEMENTS**

On September 19, 2005, the defendant, Richard Hatch, was arraigned in the above-referenced matter before Magistrate Lincoln D. Almond. A pre-trial discovery order was entered requiring the Government to disclose all information pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as all evidence of an exculpatory nature in the Government's possession.

## ARGUMENT

**THE GOVERNMENT SHOULD BE COMPELLED TO DISCLOSE ALL STATEMENTS MADE BY JODI RODRIQUEZ-WALLIS SINCE THE STATEMENTS MAY BE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

To date, the Government has produced approximately five thousand documents relating to this case. The Government, however, has not produced all statements made by Mr. Hatch's accountant, Jodi Rodriquez-Wallis. Many of her statements may relate to or be the result of conversations between Ms. Rodriquez-Wallis, Richard Hatch and Justin

Holden, who was acting in his capacity as Mr. Hatch's attorney and who was consulting with Ms. Wallis for the purpose of rendering legal advice to Mr. Hatch. These statements would be protected by the attorney-client privilege.

Counsel for Mr. Hatch is therefore requesting the production of all statements from Ms. Rodriquez-Wallis in preparation for trial. This includes, but is not limited to, all interviews between Ms. Rodriquez-Wallis and government officials in this matter, Ms. Rodriquez-Wallis' grand jury testimony and any representations from her attorney, Thomas Briody, made on her behalf that constitute a statement from her. Only after a review of these statements can counsel prepare a motion in limine to preclude the Government from introducing statements which were the result of privileged attorney-client conversations.

In contrast to the attorney-client privilege, "no confidential accountant-client privilege exists under federal law." Couch v. United States, 409 U.S. 322, 335, 34 L.Ed 2d 548, 93 S.Ct. 611 (1973), quoted in Arthur Young, 465 U.S. at 817. Still, accountant-client communications are privileged if they meet the traditional requirements of the attorney-client privilege. Cavallaro v. United States, 284 F.3d 236, 246 (1st Cir. 2002). The essential elements of the claim of attorney-client privilege are as follows: (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. Id. at 246.

Generally speaking, disclosure of attorney-client communications to a third party undermines the privilege. An exception to this rule exists for third parties employed to

assist a lawyer in rendering legal advice. It has therefore been held that "because the complexities of modern existence prevent attorneys from effectively handling clients' affairs without the help of others, the attorney client privilege must include all the persons who act as the attorney's agents" Id. at 247(quoting United States v. Kovel, 296 F.2d 918, 921 (2nd Cir. 1961)).

The presence of an accountant, whether hired by the lawyer or by the client, while the client is relating a complicated tax story to the lawyer, ought not destroy the privilege" when "the accountant is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." The communication, however, must be made "for the purpose of obtaining legal advice from the lawyer." Id. "If what is sought is not legal advice but only accounting service . . ., or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." Id. See also, United States v. Adlman, 68 F.3d 1495, 1500 (2d Cir. 1995). When Ms. Rodriquez-Wallis, Attorney Holden and Mr. Hatch conferred regarding the I.R.S. investigation in this matter, it is certainly possible that statements were made that are subject to attorney-client privilege and not waived. It is therefore necessary to examine the applicability of the privilege on a statement-specific basis.

For the foregoing reasons, the defendant, Richard Hatch, respectfully requests that this Honorable Court enter an order compelling the government to produce a copy of any and all statements made by Jodi Rodriquez-Wallis.

Respectfully submitted,
Richard Hatch
By his attorneys,

Michael Minns /JEM

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams /JEM

Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 11-9-05 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.