**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 05-98T |
| | : | |
| RICHARD HATCH | : | |

**OBJECTION TO DEFENDANT'S MOTION TO COMPEL**
**PRODUCTION OF I.R.S. INDIVIDUAL MASTER FILES**

The United States of America, by and through its undersigned attorneys, respectfully submits this Objection to Defendant's Motion to Compel Production of I.R.S. Individual Master Files. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

In hereby certify that on the 16th day of November, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 05-98T |
| | : | |
| RICHARD HATCH | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF I.R.S. INDIVIDUAL MASTER FILES**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Government's Objection to Defendant's Motion to Compel Production of I.R.S. Individual Master Files.

On September 19, 2005, Magistrate Judge Lincoln D. Almond issued a Pretrial Discovery Order which required the government to disclose information pursuant to Rule 16, Fed. R. Crim. P., and exculpatory information. In response to that Order, on September 27, 2005, the government provided approximately 4000 pages of documents to the defendant (primary in a CD format).

The government is aware of its obligation to disclose "evidence favorable to an accused . . . that is material either to guilt or to punishment," Brady v. Maryland, 373 U.S. 83, 87 (1963), and it has withheld no such evidence. The government also is aware of its obligation to produce impeachment evidence. See Giglio v. United States, 405 U.S. 150, 154 (1972). It has withheld no impeachment evidence.

Defendant's Motion seeks disclosure of the I.R.S. Individual Master File ("IMF") for the

defendant, Richard Hatch. An IMF is an I.R.S. computer-generated transcript of a taxpayer's account reflecting by numeric codes primarily the dates on which certain transactions occurred, including the individual's filing status, payment of taxes, dates of filing, etc.

While Fed. R. Crim. P. 16 entitles the defendant to certain categories of documents, the Rule does not give the defendant the right to embark on a "broad or blind fishing expedition among documents possessed by the Government. . . ." Jencks v. United States, 353 U.S. 657, 667, (1957). Before the defendant can have access to the requested documents, he must demonstrate that the documents are material to his defense.

The government has already provided the defense with all of the relevant tax returns and other tax-related information which might possibly fall within Rule 16 or be considered exculpatory in nature. He has also been supplied with all of the information concerning his payment of taxes in 2000 and 2001. In fact, the tax returns themselves that were filed by the defendant indicate exactly how much, if any, the defendant paid in taxes in the respective years.

The defendant claims that he should be provided with his IMF since "counsel needs to know exactly what the IMF shows in terms of actual taxes paid by Mr. Hatch or the Tri-Whale Corporation during the applicable time period of the indictment." There is no dispute, however, in this case about the amount of taxes paid by the defendant during the years in question. What is in dispute, and what is charged in the indictment, is that the defendant intentionally submitted tax returns containing false and fraudulent information regarding the amount of his income.

The issue in this case is whether the defendant intentionally filed false tax returns, not the amount of tax he paid. The IMF contains no information material to this defense, it is simply irrelevant. If the defendant believes there is some dispute about the amount of taxes he did or did

not pay, then the government would certainly be willing to search its records for evidence of such payments.

Defendant mistakenly relies on United States v. Buford, 889 F.2d 1406 (5th Cir. 1989), in support of his position that he should gain access to the IMF. The IMF became an issue in that case when a government attorney asked a defendant on cross-examination if it was true that he had not filed certain tax returns. The defendant responded that he had filed the returns, and the government then called an I.R.S. records custodian to say her agency had no records of the returns. The IMF would have been the most direct record of whether the returns had been filed, but the government refused to deliver it to the defendant and the court failed to review it *in camera.* The Fifth Circuit remanded the case, instructing the trial court to conduct the review to determine whether the defendant had filed the returns in question.

Here, as noted previously, there is no factual dispute which would be resolved through disclosure of the IMF. Also, see United States v. Landi, 951 F.2d 364 (9th Cir. 1991) (unpublished opinion, attached), where the Court upheld the district court's refusal to require disclosure of the IMF or to conduct an *in camera* inspection.

For all of these reasons, the government respectfully requests this Court to deny defendant's Motion for Production of the IMF.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 16th day of November, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074