FILED
NOV 1 6 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :
:
vs. : CR 05-98T
:
RICHARD HATCH :

**OBJECTION TO DEFENDANT'S MOTION TO COMPEL**
**PRODUCTION OF STATEMENTS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Objection to Defendant's Motion to Compel Production of Statements. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 16th day of November, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

FILED
NOV 16 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR 05-98T
:
RICHARD HATCH :

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF STATEMENTS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of the Government's Objection to Defendant's Motion to Compel Production of Statements.

In his Motion, defendant Richard Hatch ("Hatch") seeks to compel production of any statements the Government has in its possession made by Jodi Rodrigues-Wallis ("Rodrigues-Wallis"), Hatch's former accountant. Without knowing what is contained in Rodrigues-Wallis' prior statements (which consist of a transcript of her March 23, 2005 grand jury appearance and a witness interview report prepared by the IRS Special Agent), defendant argues that the statements *may* contain privileged communications and therefore that their production should be compelled. This argument is spurious as a matter of law and unfounded as a matter of fact.

Rodrigues-Wallis is the accountant who prepared defendant's tax returns for 2000 and 2001, the tax years at issue in this case. In 2003, after the 2000 and 2001 returns were filed, the IRS initiated a civil audit of the defendant's tax returns, at which time the defendant retained Justin Holden, Esq., to represent him in that audit. During the audit, Rodrigues-Wallis was hired

to provide accounting advice and did, in fact, provide accounting advice concerning expenses Hatch purportedly incurred in 2000 and 2001.

On September 19, 2005, Magistrate Judge Lincoln D. Almond issued a Pretrial Discovery Order which required the Government to disclose information pursuant to Rule 16, Fed. R. Crim. P., and exculpatory information. The Government fully complied with that order and Rule 16 by providing to the defendant approximately 4000 pages of documents (primary in a CD format). Rodrigues-Wallis' prior statements do not fall under Federal Rule of Criminal Procedure 16 nor is any exculpatory information contained within her statements.

The United States has reviewed the statements of Rodrigues-Wallis that are in its possession. These statements do not include any communications between Hatch and Mr. Holden, or for that matter, any statements made by the defendant after he retained Mr. Holden. The statements of Rodrigues-Wallis therefore do not contain anything that can even arguably be considered privileged.[1]

---

[1] Even if the statements did contain communications from the defendant after Mr. Holden was retained, which they do not, those statements would still not fall within the purview of the attorney client privilege. As defendant recognizes, "no confidential accountant-client privilege exists under federal law." Couch v. United States, 409 U.S. 322, 335 (1973). Therefore, any communications made by Hatch to Rodrigues-Wallis while she was functioning as Hatch's accountant would not be privileged. It is true, as defendant notes, that attorney-client communications made in the presence of an accountant may remain privileged if "the accountant is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." Cavallaro v. United States, 284 F.3d 236, 247 (1st Cir. 2002). To fall within this exception, the communication must be made "for the purpose of obtaining legal advice from the lawyer"; the privilege does not apply "[i]f what is sought is not legal advice but only accounting service . . . , or if the advice sought is the accountant's rather than the lawyers." Id., quoting United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). In Cavallaro, the Court of Appeals found attorney-client communications made in the presence of an accountant *not* to be privileged because "the evidence is strong that [the accounting firm] acted to provide accounting advice rather than to assist [the lawyers] in providing legal advice." Cavallaro, 284 F.3d at 249. In this case, any communications of the defendant witnessed by

If defendant wishes to move *in limine* to preclude the United States from introducing at trial a statement, he may do so and the United States will respond accordingly.[2] However, while defendant certainly can move to limit use of testimony at trial that he believes may be privileged, he cannot pre-trial compel the production of witness statements based on nothing more than mere speculation that privileged communications may be contained therein. Defendant's mere assertion of a possible privilege does not entitle him to the production of a witness statement to which he is not otherwise entitled.

The Government's duty to disclose prior statements of its witnesses is governed by the Jencks Act, 18 U.S.C. § 3500(a). That section provides, in pertinent part, that:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

While Rodrigues-Wallis' statements would be discoverable if she testifies at trial, which we anticipate she will, the Jencks Act does not mandate disclosure of her prior statements at this time.

In summary, Rodrigues-Wallis' prior statements contain no communications that are even arguably privileged, since none of her statements cover the period of time when Hatch was

---

Rodrigues-Wallis after she was retained by Mr. Holden would not be privileged as she at all times acted to provide accounting advice rather that to assist Mr. Holden in providing legal advice.

[2] The United States does not anticipate introducing into evidence any communications witnessed by Rodrigues-Wallis after she was retained by Hatch's former counsel. Therefore, we do not believe the existence of a privilege will be an issue at trial. If, of course, the defense inquires into these communications at trial, it will have waived any privilege that may otherwise apply, thereby opening the door to further inquiry from the Government.

represented by counsel. Defendant's assertion of an attorney-client privilege at this juncture should be rejected for what it is - a pretext for compelling the production of witness statements to which he is not currently entitled.

For all of these reasons, the government respectfully requests that this Court deny defendant's Motion to Compel Production of Statements.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 16th day of November, 2005, a copy of the within Government's Objection, was mailed by regular mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lidana M Steele