UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-98T |
| | : | |
| RICHARD HATCH | : | |

**MEMORANDUM AND ORDER**

Before this Court are Defendant's Motions to Compel Production of I.R.S. Individual Master File ("IMF") (Document No. 25) and to Compel Production of Statements of Defendant's accountant, Ms. Jodi Rodrigues-Wallis (Document No. 27). These Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on December 7, 2005. For the reasons discussed below, Defendant's Motions are DENIED.

A. Motion to Compel IMF

Relying on United States v. Buford, 889 F.2d 1406 (5th Cir. 1989), Defendant asks this Court to compel the Government to produce its IMF concerning him. The IMF contains coded historical information for each social security recipient regarding "tax status of the individual concerning the filing of federal income tax forms, the payment of taxes, refunds due, filing status, number of children, dates of filings, audits, etc." 889 F.2d at 1407 n. 1. Defendant contends that production of these documents is "necessary to properly prepare for trial" because his attorney "needs to know exactly what the IMF shows in terms of actual taxes paid by [Defendant] or the Tri-Whale Corporation during the applicable time period of the indictment."

Defendant is charged in this case with two counts of tax evasion (26 U.S.C. § 7201), one count of filing a false tax return (26 U.S.C. § 7206(1)) and several fraud counts (18 U.S.C. §§ 1341,

1343 and 1344). Defendant has failed to show how the IMF would be material to his defense in this case, and this Court itself, after listening to the arguments of counsel and reviewing the indictment in detail, fails to see how the IMF is material to the charges pending against Defendant. As to the tax charges, there does not appear to be any dispute as to the information actually contained in the 2000 and 2001 tax returns filed by Defendant or the amount of taxes paid by Defendant in those tax years. The issue goes beyond the returns. In other words, the issue is the accuracy of the information contained in the returns and, in particular, income allegedly not reported by Defendant.

Defendant's reliance on the Buford case is misplaced. Defendant is trying to fit a square peg into a round hole. In Buford, the IMF was not ordered disclosed under Fed. R. Crim. P. 16 as part of pretrial discovery. Rather, the Government "opened the door" to the IMF when it asked the defendant about his personal filing history (the defendant's personal taxes were not implicated in the charged offenses) and then offered secondary evidence of the defendant's filing history through the testimony of an IRS records custodian. The Fifth Circuit reversed and remanded, in part, because it found that the District Judge abused his discretion in not ordering production of the IMF during trial under those circumstances.

This case is factually distinguishable from Buford. Defendant has simply not made a current showing as to how the Government has "opened the door" to pretrial discovery of the IMF in this case. The Government has represented that it has provided Defendant with "all of the relevant tax returns and other tax-related information which might possibly fall within Rule 16 or be considered exculpatory in nature" and "all of the information concerning his payment of taxes in 2000 and 2001." Since Defendant's counsel indicated that the defense agreed that the tax returns in question were "incorrect" and that the focus of this case will be the issue of criminal intent, this Court fails

to see how the historical filing and payment information contained in the IMF are in any way material to the defense of this case. Thus, Defendant's Motion to Compel Production of the IMF is DENIED.

B. Motion to Compel Statements

Defendant asks this Court to compel production of all statements made by his accountant, Jodi Rodrigues-Wallis, on the grounds that they may include statements protected by the attorney-client privilege. See Cavallaro v. United States, 284 F.3d 236 (1st Cir. 2002)(discussing extension of attorney-client privilege to attorney's agents). Defendant offers no legal support for the pretrial discovery of these statements. Defendant contends that production is necessary "in preparation for trial" and to prepare a motion in limine. The Government represents that these statements consist solely of the accountant's grand jury testimony and a witness interview report prepared by the IRS Special Agent, and that there is no exculpatory information therein. It also represents that the statements do not include communications occurring after the time that Defendant retained an attorney in connection with a 2003 IRS civil audit. It appears likely that the accountant will be called as a Government witness at trial and thus her statements will be subject to disclosure under the Jencks Act (18 U.S.C. § 3500(a)) at that time.

Defendant has not shown any legal basis for compelling pretrial disclosure of the accountant's statements. When Ms. Rodrigues-Wallis testifies, Defendant's counsel is free to object to any questions he believes will encroach the attorney-client privilege. Defendant may also file a pretrial Motion in Limine seeking to preclude any testimony which he claims would do so. In an attempt to eliminate this as a trial issue, the Government represented that it does not intend, in its case-in-chief, to introduce into evidence "any communications witnessed by [the accountant] after

she was retained by [Defendant's] former counsel." Defendant's attempt to turn a potential trial issue involving the assertion of a privilege into a right to obtain broad pretrial discovery of witness statements is unsupported. It is a classic attempt by Defendant to pull himself up by his own bootstraps and has no basis in law or fact. As noted above, Defendant may properly raise this issue by objection at trial or in a pretrial Motion in Limine. Defendant is simply seeking advance Jencks Act disclosure and has shown no legal basis for such relief. Thus, Defendant's Motion to Compel Production of Statements is DENIED.

C. Conclusion

Accordingly, Defendant's Motions to Compel (Document Nos. 25 and 27) are DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
December 7, 2005