UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR. NO. 05-98T |
| | : | |
| RICHARD HATCH | : | |

**DEFENDANT'S MOTION FOR SEVERANCE OF COUNTS**

Now comes the defendant, Richard Hatch, by and through counsel, and pursuant to the provisions of the Fed. R. Crim. P. 8 (a) and 14, hereby moves this Honorable Court for the entry of an order severing counts one, two and three of the indictment from the remaining counts for trial. A memorandum of law in support of this motion is attached hereto.

Respectfully submitted,
Richard Hatch
By his attorneys,

Michael Minns /JM

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams /JM

Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 12-12-05 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-98T** |
| | : | |
| **RICHARD HATCH** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SEVERANCE OF COUNTS

## FACTS AND TRAVEL

The defendant, Richard Hatch, is charged in a ten count indictment with tax evasion, wire fraud, mail fraud and bank fraud. Counts one and two charge the preparation and signing of false U.S. Individual Income Tax returns for the years 2000 and 2001. Count three charges filing a false U.S. income tax return for an S-Corporation in the year 2001. Counts four and five charge that Mr. Hatch committed wire fraud when he "knowingly devised a scheme and intended to devise a scheme and artifice to defraud, and for obtaining money and property from, donors of charitable contributions by means of false and fraudulent pretenses, representations, and promises." Counts six through nine charge Mr. Hatch with committing mail fraud when he "knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property from, donors of charitable contributions by means of false and fraudulent pretenses, representations, and promises." Count ten charges that Mr. Hatch committed bank fraud when he "knowingly and intentionally execute and attempt to execute the

aforesaid scheme and artifice to defraud and to fraudulently obtain monies and funds owned and under the custody and control of People's Credit Union." The charity at issue in counts four through ten is Horizon Bound, a non-profit charitable organization incorporated in Rhode Island by Mr. Hatch.

The unreported income of counts one and two totals approximately $1,400,000. The charitable donations that are the subject of counts four through ten total $36,500. This amount is included in counts one and two as unreported personal income.

## ARGUMENT

### I. THE GOVERNMENT'S JOINDER OF COUNTS VIOLATES RULE 8(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Rule 8(a) of the Federal Rules of Criminal Procedure allows the joinder of offenses "if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." A defendant challenging joinder must carry the burden persuading the trial court that a misjoinder has taken place." United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991).

Joinder is proper under the "common scheme or plan" prong of 8(a) when "one illegal activity provides the impetus for the other illegal activity." United States v. Dominguez, 226 F.3d 1235, 1239 (11th Cir. 2000) (holding joinder of drug-related and mortgage fraud claims proper where government alleged that when applying for mortgage, defendant submitted fraudulent income tax returns to bank to conceal that his

income had been derived from drug activity); United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (holding joinder of espionage and tax evasion charges was proper where money "received in exchange for classified information was the same as that involved in the tax charges"). Even if joinder is proper, a motion to sever counts should be granted under Rule 14, Fed. R. Crim. P., "if it appears that a defendant . . . is prejudiced by a joinder of offenses." In determining whether counts are properly joined, a Court should consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995).

In this case, the government's joinder of the tax evasion offenses of the indictment wire, mail and bank fraud offenses under one indictment fails to satisfy the standard for joinder of offenses under Rule 8(a). The offenses joined do not involve similar statutes, victims, locations or modes of operation. Further, the separate and distinct schemes alleged in counts four through ten are not "of the same or similar character" as the offenses in counts one, two and three. Nor are these schemes based "on the same act or transaction" or "two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The government will contend that the fraudulent acts perpetuated by Mr. Hatch in counts four through ten all relate his willful intent to commit income tax evasion. However, the allegation that Mr. Hatch did not pay income taxes on monies involved in counts four through ten does not make it sufficiently similar under Rule 8(a) to justify

joinder. The failure to report income is significantly different from and unrelated to the fraudulent schemes alleged in counts four through ten.

## II. SEVERANCE OF COUNTS SHOULD BE GRANTED AS A RESULT OF PREJUDICE TO DEFENDANT UNDER RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Even if joinder of counts one through three with the remaining counts of the indictment did not run afoul of Rule 8(a), the Court should order a severance because Mr. Hatch's defense will be prejudiced by proceeding to trial on all ten counts of the indictment. See Fed. R. Crim. P. 14. In United States v. Jordan, 112 F.3d 14 (1st Cir. 1997), the First Circuit reversed and remanded for trial a District Court's denial of the defendant's motion to sever tax evasion counts from mail fraud and money laundering counts. The defendant moved for severance arguing that he had a good faith defense on the tax evasion counts but was precluded from testifying at trial as a result of the mail fraud and money laundering charges. Id. at 17. The Jordan court noted that the defendant must make "a strong showing of prejudice." United States v. Gray, 958 F.2d 9, 14 (1st Cir. 1992). The court outlined three types of possible prejudice:

> "(1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to

both or testifying as to neither." Jordan, 114 F.3d at 17 *quoting* United States v. Scivola, 766 F.2d 37 (1st Cir. 1985).

The Jordan court found prejudice and remanded for trial the tax evasion counts. Specifically, the court found that the defendant's "subjective testimony on the tax charges is analogous to the "credible alibi"... Only he can supply testimony of his subjective belief as permitted by Cheek, forthrightly subjecting himself to cross-examination. We do not accept the government's contention that this belief was adequately before the jury in the form of Jordan's statement on his amended tax form that the income was not taxable." Jordan, 114 F.3d at 17.

Counsel submits that all three forms of prejudice exist if Mr. Hatch is forced to proceed to trial on all ten counts of the indictment. Mr. Hatch will be forced to present separate defenses on the various charges and a joint trial will "embarrass[] or confound[]" him in the presentation of those defenses. Drew v. United States, 331 F.2d 85, 88 (D.C. Cir. 1964). A joint trial creates the danger that the jury will use evidence admissible as to one count "to infer a criminal disposition" on the part of Mr. Hatch as to other counts. Id.; see United States v. Foutz, 540 F.2d 733, 736-38 (4th Cir. 1976); *United States v. Gregory*, 369 F.2d 185, 189 (D.C. Cir. 1966), cert. denied, 396 U.S. 865 (1969). Further, a joint trial on all counts against Mr. Hatch creates a grave danger that the evidence as to each separate count will "cumulat[e] in the jurors' minds." Id.; see United States v. Halper, 590 F.2d 422, 430 (2d Cir. 1978); United States v. Gregory, 369 F.2d at 189. A joint trial also limits Mr. Hatch's ability to testify at trial on the tax evasion counts since he will be subjected to cross-examination on the mail, wire and bank fraud counts. As in

Jordan, Mr. Hatch's subjective belief when he filed the 2000 and 2001 personal returns and the 2001 corporate return is vital to his defense. Mr. Hatch should be able to testify as this belief without being subjected to cross-examination on the mail, wire and bank fraud charges stemming from the Horizon Bound charity. For each of these reasons, severance of counts one through three from the remaining counts of the indictment is required under Fed. R. Crim. P. 14.

## CONCLUSION

For the foregoing reasons, the defendant, Richard Hatch, requests that this Honorable Court sever counts one, two and three of the indictment from the remaining counts for trial.

Respectfully submitted,
Richard Hatch
By his attorneys,

Michael Minns /JM

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams /JM

Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 12-12-05 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.