IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR 05-98T
:
RICHARD HATCH :

**OBJECTION TO DEFENDANT'S MOTION FOR SEVERANCE OF COUNTS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Objection to Defendant's Motion For Severance of Counts. In support of this Objection, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2005, a copy of the within Government's Objection, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR. NO. 05-98T |
| | : | |
| RICHARD HATCH | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S**
**OBJECTION TO DEFENDANT'S MOTION FOR SEVERANCE OF COUNTS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Government's Objection to Defendant's Motion For Severance of Counts.

## I. INTRODUCTION

The defendant seeks to sever Counts 1, 2 and 3 (the tax counts) of the Indictment from Counts 4 through 10 (the wire, mail and bank fraud counts) of the Indictment. The defendant invokes Rules 8(a) and Rule 14 of the Federal Rules of Criminal Procedure. In summary, however, all of the counts should be tried together in a single trial because:

1. The counts are properly joined under Fed. R. Crim. P. 8(a);

2. The defendant is not entitled to a severance under Fed. R. Crim. P. 14; and

3. Considerations of judicial economy weight strongly in favor of a single trial on all of the counts.

## II. THE INDICTMENT

Joinder issues are to be resolved from the face of the indictment. United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991), cert. denied, 502 U.S. 1079 (1992). Count 1 of the Indictment charges the defendant with Tax Evasion relating to his 2000 Individual Income Tax

Return. The Indictment charges that the defendant knowingly and willfully failed to declare three sources of income in his tax return for that year. One source of income was "approximately $25,000 in income that was paid by Chambers Communications Corporation to Horizon Bound in December 2000 and used by defendant HATCH for personal expenses." (Count 1, para. 2) Paragraphs 17 through 27 of Count 1 allege that the defendant agreed to appear on the pilot of a televison show called "For Goodness Sake!," in exchange for a $25,000 contribution that would be made to a charity of the defendant's choice. The defendant elected to have the contribution made to Horizon Bound, a purported non-profit organization formed by the defendant. Following the filming of the pilot, a $25,000 check payable to Horizon Bound was mailed to the defendant. According to the indictment, the defendant altered the check by adding his name, "RICHARD HATCH," as an additional payee on the check. The defendant then deposited this altered check into his personal bank account at People's Credit Union. Count 1 further alleges that the defendant spent the $25,000 on personal expenses, and not for any charitable purpose, and that he failed to declare the $25,000 on his 2000 Individual Tax Return.

Count 10 of the Indictment charges the defendant with bank fraud against People's Credit Union in connection with his alteration and subsequent deposit of the $25,000 check from Chambers Communications into his personal bank account. The description of the scheme and artifice to defraud in Count 10 mirrors the language contained in paragraphs 17 through 24 of Count One, since both of the charges arise from the same activity.

Count 2 of the Indictment charges the defendant with Tax Evasion relating to his 2001 Individual Income Tax Return. The Indictment charges that the defendant knowingly and willfully failed to declare six sources of income in his tax return for that year. Three of these

sources were: 1) "approximately $1,000 in income that was paid by East Boston Savings Bank to Horizon Bound in April 2001 and used by defendant HATCH for his personal expenses," (2) "approximately $500 in income that was paid by CAM Media and Graphics to Horizon Bound in April 2001 and used by defendant HATCH for his personal expenses," and (3) "approximately $10,000 in income that was paid by Weakest Link Productions, Inc. to Horizon Bound in August 2001 and used by defendant HATCH for his personal expenses." (Count 2, para. 2) Paragraphs 18 through 25 of Count 2 describe the manner in which the defendant took monies intended as charitable contributions from CAM Media and East Boston Savings Bank, and used these funds for his own personal benefit and also failed to report this income on his individual tax return for 2001. Likewise, paragraphs 26 through 32 describe the manner in which the defendant took monies intended as charitable contributions from The Weakest Link, and used these funds for his own personal benefit and also failed to report this income on his individual tax return for 2001.

Counts 4 through 9 of the Indictment charge the defendant with wire fraud (Counts 4 and 5) and mail fraud (Counts 6 through 9). The indictment charges the same fraudulent scheme for all of the wire and mail fraud counts. The indictment alleges that the defendant devised a "scheme and artifice to defraud, and for obtaining money and property from, donors of charitable contributions by means of false and fraudulent pretenses, representations and promises." The wire and mail fraud counts allege that the four donors who were defrauded were Chambers Communications, CAM Media, East Boston Savings Bank and The Weakest Link. In describing the manner and means of the fraudulent scheme, the wire and mail fraud counts incorporate by reference the corresponding paragraphs of Counts 1 and 2 (tax evasion counts) which set forth the defendant's conduct as it relates to Chambers Communications, CAM Media, East Boston

Savings Bank and The Weakest Link. (See paragraphs 3, 5, and 7 of Counts 4 and 5; and paragraphs 3, 4 and 5 of Counts 6 through 9).

## III. JOINDER UNDER RULE 8(a)

Defendant argues that "the government's joinder of the tax evasion offenses of the indictment [with the] wire, mail and bank fraud offenses under one indictment fails to satisfy the standard of joinder of offenses under Rule 8(a)." (Def. Memo. of Law, p. 3)

Rule 8(a) of the Federal Rules of Criminal Procedure governs joinder of offenses. The Rule provides:

> (a) The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

It is clear from the indictment in this case that the fraud counts and the tax counts are based on the same acts and transactions. In fact, the fraud counts incorporate by reference the very paragraphs of the tax evasion counts that describe the underlying acts and transactions. The tax evasion counts specifically allege that the defendant failed to declare on his tax returns the proceeds of his scheme to defraud donors of charitable contributions.

In addition to being based on the same acts and transactions, the tax evasion and fraud counts also constitute part of a common scheme or plan. For example, in United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993), the defendant was charged in a single indictment with conspiracy, tax fraud counts and mail fraud counts. The defendant argued that the tax fraud counts were improperly joined with the mail fraud counts under Rule 8(a). The Court rejected that argument, stating:

> "There can be no doubt that the tax fraud counts properly were joined with either the conspiracy or the mail fraud counts. ... [T]he tax fraud and mail fraud counts could be joined because some of the unreported income was the fruit of the mail fraud scheme."

United States v. Yefsky, 994 F.2d at 895. Likewise, in the case at bar, the unreported income included the fruits of the wire, mail and bank fraud schemes. Also see United States v. Shelton, 669 F.2d 446, 460 (7th Cir. 1989) ("Joinder of the three tax counts was also proper because those counts charged [the defendants] with a failure to pay income tax on the proceeds of the scheme to defraud."); and United States v. Anderson, 642 F.2d 281 (9th Cir. 1981) (upholding joinder of counts charging racketeering and securities fraud with tax fraud counts since the evidence was overlapping).

## IV. SEVERANCE UNDER RULE 14(a)

Defendant agues, in the alternative, that the tax counts and the fraud counts should be severed under Rule 14(a) of the Federal Rules of Criminal Procedure. Rule 14(a) provides:

> (a) If the joinder of offenses or defenses in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The defendant claims in his motion that failure to sever the counts will embarrass and confound him in the presentation of his defense, that it will create a "spillover" effect by causing the jurors to use the evidence admissible as to one count in consideration of other counts, and that it will limit the defendant's ability to testify on his own behalf. Although the defendant makes these conclusory assertions, his motion fails to set forth any factual basis in support of his position that a trial on all of the counts would result in any of these consequences.

Where, as here, joinder under Rule 8(a) is proper, a motion for severance made pursuant to Rule 14 is addressed to the sound discretion of the trial court. United States v. Yefsky, 994

F.2d at 896; United States v. Sabatino, 943 F.2d 94 (1st Cir. 1991); United States v. Smolar, 557 F.2d 13, 21 (1st Cir. 1977), cert. denied, 434 U.S. 971 (1977). A properly joined indictment should be severed "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Yefsky, 994 F.2d at 896.

In order to obtain severance under Rule 14, a defendant has the burden of making a strong showing of prejudice. United States v. Yefsky, 994 F.2d at 896; United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990), cert. denied, 498 U.S. 849 (1990); See also United States v. Sabatino, *supra*. at 96, citing United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991) (defendant must show that "substantial prejudice, amounting to a miscarriage of justice would result from a joint trial"). " To make a requisite strong showing of prejudice, a defendant must 'present enough information ... to satisfy the court that the claim of prejudice is genuine'. ... Speculative allegations of prejudice fall far short of the prejudice required to prove an abuse of discretion in denying a motion for severance." United States v. Yefsky, 994 F.2d at 896; also see United States v. Porter, 764 F.2d 1, 13 (lst Cir. 1985), cert. denied, 481 U.S. 1048 (1987). Otherwise put, "[t]here is always some prejudice in any trial where more than one offense or offender are tried together--but such 'garden variety' prejudice, in and of itself, will not suffice." United States v. Boylan, 898 F.2d at 246; see also United States v. Neal, 36 F.3d 1190, 1204 (1st Cir. 1994), cert. denied, 519 U.S. 1012 (1996).

The defendant suggests that there will be a "spillover" that "creates the danger that the jury will use evidence admissible as to one count 'to infer a criminal disposition' on the part of

Mr. Hatch as to other counts." For the defendant to obtain a severance based on such "spillover" prejudice, "he must prove prejudice so pervasive that a miscarriage of justice looms." United States v. Pierro, 32 F.3d 611, 615 (lst Cir. 1994), cert. denied, 115 S.Ct. 919 (1995).

The defendant has clearly not met his burden of establishing a strong showing of prejudice that would result if a severance is not granted. The jury will hear all of the same witnesses and have all of the same exhibits even if a severance were granted. This is so because in its tax case, the United States will be introducing the same evidence that underlies the fraud claims, i.e., that defendant raised substantial monies in the name of charity and spent those donations on personal expenses. There can be no "spillover" effect when the jury will hear the same evidence even if severance were granted.

Defendant also seeks to rely on United States v. Jordan, 112 F.3d 14 (1st Cir. 1997), cert. denied, 522 U.S. (1998), which is clearly distinguishable from the case at bar. In Jordan, the government originally charged the defendant with mail fraud, wire fraud and money laundering in connection with the defendant's activities in defrauding his employer. During his first trial, the government made substantial efforts to introduce the defendant's tax returns as proof of intent. The court twice ruled that possible prejudice from the tax forms outweighed their relevance under Rule 403. The defendant was acquitted of the wire fraud counts, and a mistrial was declared on the remaining counts when the jury was unable to reach a verdict.

Prior to the defendant's retrial, he was indicted on four counts of income tax evasion and two counts of filing a false income tax returns. Over the defendant's objection, the trial court allowed the government to join for trial the tax indictment and the remaining mail fraud and money laundering indictment. The defendant was convicted on all counts.

On appeal, the defendant argued that joinder of the two indictments deprived him of his Fifth Amendment right to testify as to the tax counts, but not as to the other counts. The Court vacated the tax convictions and upheld the mail fraud and money laundering convictions.

In vacating the tax convictions, the Court expressed concern over the fact that by joining the tax indictment to the original indictment, the government appeared to be circumventing the trial court's ruling against admission of the tax evidence in the original trial.[1]

The Court held that under the particular facts of that case the defendant, in the joint trial, was deprived of his right to testify about the tax counts, but not about the mail fraud and money laundering charges. The Court held that

> "'a defendant may deserve a severance of counts where [he] makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.' ...To make this showing a defendant must timely offer enough information to the court to allow it to weigh the needs of judicial economy verses 'the defendant's freedom to choose whether to testify as to a particular charge.'" (citations omitted)

United States v. Jordan, 112 F.3d at 17.

Defendant's motion must fail, since he has completely failed to establish either that he has important testimony to given with respect to the tax evasion counts, or that he has a strong need to refrain from testifying with respect to the fraud counts. Defendant does not even allege that he would not testify in a trial that was limited to the fraud counts, much less offer a "convincing showing" as to why he would need to refrain from testifying on those charges. In his motion, he merely states that he does not want to be subject to cross-examination on the fraud counts. In this regard, it should be noted that in United States v. Scivola, 766 F.2d 37, 43 (1st Cir.

---

[1] "The surrender of this privilege was capped by the government's maneuvering that got before the mail fraud jury the allegedly fraudulent tax returns. ... By joinder the government has circumvented the court's ruling." United States v. Jordan, 112 F.3d at 17-18.

1985), the Court cited approvingly a D.C. Circuit Court decision "stating that the mere election of a defendant to testify as to one count in an indictment but not as to another [is] insufficient to justify a Rule 14 severance." Moreover, since all of the facts surrounding the fraud charges are also included in the tax counts, even if a severance were to be granted, the defendant would still be subject to cross-examination regarding the circumstances surrounding the fraud he committed through his charitable organization, Horizon Bound.

The Fifth Amendment considerations were also addressed by the First Circuit in United States v. Alosa, 14 F.3d 693 (1st Cir. 1994). In that case the Court upheld the district court's denial of the defendant's motion to sever gun counts from other counts of the indictment. In so ruling, the Court stated that:

> "[O]bvious considerations of judicial economy support trying all related counts against the same defendant at one time. And while the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively, addressing some issues while withholding testimony on others that are related.
>
> ...
>
> The Fifth Amendment protects the defendant's right to choose whether to testify. It does not assure that the testimony will only benefit the defendant."

United States v. Alosa, 14 F.3d at 695-696.

Finally, it should be noted that in Jordan the Court stated as follows:

> "We emphasize, however, that we do not hold that a defendant's mere assertion of a *Cheek* defense invariably requires severance of an indictment charging tax and non-tax offenses. Rather, the court must undertake, on a case-by-case basis, to weigh 'the considerations of judicial economy' against the defendant's 'freedom to choose whether to testify'"

United States v. Jordan, 112 F.3d at 17 n. 2. Here, considerations of judicial economy clearly favors a single trial on all of the charged counts. Defendant's motion seeks to force the government (and the Court) to duplicate its evidence relating to the manner by which the

defendant obtained charitable donations and converted them to his personal benefit in two separate trials. The defendant would have this Court conduct two trials involving these acts and transactions, one trial concerning the defendant's failure to declare these funds on his tax returns and a second concerning the fraud upon the donors of these contributions. Nothing would be achieved by severance, apart from needlessly burdening the Court, attorneys, and witnesses with multiple presentations of the same evidence. As the Supreme Court stated in Richardson v. Marsh, 481 U.S. 200, 210 (1987):

> "It would impair both the efficiency and the fairness of criminal justice system to require ... that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecutions's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability -advantages which sometimes operate to the defendant's benefit."

## V. CONCLUSION

For all of these reasons, the government respectfully requests this Court to deny defendant's Motion for Severance.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 16th day of December, 2005, a copy of the within Government's Objection, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074