**IN THE DISTRICT COURT FOR THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 05-98T
)
RICHARD HATCH )

**GOVERNMENT'S OBJECTION TO**
**<u>DEFENDANT'S MOTION FOR BILL OF PARTICULARS</u>**

Now comes the United States and hereby objects to defendant's Motion For Bill of Particulars for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2005, a copy of the within Government's Objection, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lisa M. Steele

**IN THE DISTRICT COURT FOR THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CR. NO. 05-98T |
| | ) | |
| RICHARD HATCH | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

Defendant Richard Hatch ("Hatch") has moved for a bill of particulars seeking the particulars regarding the amount of tax alleged due and owing the United States and the method of computation used to calculate that tax. The United States objects to defendant's motion because: (i) the Indictment sufficiently apprises the defendant of the specific charges against him, (ii) there is no risk of unfair surprise at trial, (iii) the United States need not prove, much less charge, the specific amount of tax due and owing, and (iv) a Bill of Particulars cannot be utilized as a general discovery device.

I. Bills of Particulars Are Disfavored

The nature and content of an indictment are governed by Federal Rule of Criminal Procedure 7(c), which provides, in pertinent part, that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment is sufficiently particular "if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994). Indeed, it is "generally

sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974), quoting United States v. Carll, 105 U.S. 611, 612, 26 L. Ed. 1135 (1882).

Bills of Particulars are governed by Fed. R. Crim. P. 7(f), which provides,

> [t]he court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

The purpose of a bill of particulars is "to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989). Accord United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir.), cert. denied, 503 U.S. 994 (1992). To be successful, a defendant must show that he lacked "a fair opportunity to prepare a defense." United States v. Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir.), cert. denied, 539 U.S. 928 (2003). Indeed, as the First Circuit has stated:

> [m]otions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

Sepulveda, 15 F.3d. at 1192-93.

Finally, a bill of particulars is not to be used as a general discovery device. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978); United States v. Largent, 545 F.2d 1039 (6th Cir. 1976), cert. denied, 429 U.S. 1098 (1977); United States v. Dubon-Otero, 76 F.Supp.2d 161, 168 (D.P.R. 1999). "Because a bill of particulars confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987).

## II. Defendant's Motion for a Bill of Particulars Should Be Denied

The twenty-nine page Indictment in this case alleges not only the offenses charged and the essential elements of those offenses, but also describes in great detail much of the evidence the United States will introduce at trial in an effort to establish defendant's guilt. Yet, despite this highly particularized Indictment, defendant has moved for a bill of particulars, seeking additional information concerning the amount of tax alleged to be due and owing. Defendant's motion fails for a number of reasons.

Counts One and Two of the Indictment charge Hatch with tax evasion, in violation of 26 U.S.C. § 7201. The charging paragraphs of both counts state, in pertinent part, that as a result of defendant's knowing failure to declare specified sources of income, his taxable income for the relevant calendar years was "substantially in excess of that heretofore stated and that upon said additional taxable income a substantial tax was due and owing to the United States of America." (See Indictment, Count One ¶ 28 and Count Two ¶ 33.) That language fairly and directly informs the defendant of an essential element of the crime of tax evasion, namely that the government

must prove that a substantial tax is due and owing the United States. Nothing more is required.

Indeed, the United States need not even establish at trial the specific amount of tax due and owing the United States. To the contrary, the United States need only prove that as a result of defendant's filing of a false tax return, a tax is due and owing the United States. See, e.g., United States v. Johnson, 319 U.S. 503, 517-18 (1943) ("the government [does] not have to prove the exact amounts of reported income . . . To require more ... would be tantamount to holding that skillful concealment is an invincible barrier to proof ..."); United States v. Khalaf, 38 Fed. Appx. 399, 402 n.11 (9th Cir. 2002) ("In a tax evasion case, the government is not required to prove the exact amount of income left unreported by the defendant"); United States v. Thompson, 806 F.2d 1332, 1336 (7th Cir. 1986) ("In an income tax case . . . the government need not establish the exact amount of understated income in order to establish tax evasion."); United States v. Sorrentino, 726 F.2d 876 (1st Cir. 1984) ("The elements of attempted tax evasion under 26 U.S.C.S. § 7201 are (1) an additional tax due and owing, (2) an attempt to evade or defeat that tax, and (3) willfulness.")[1]

As the United States is not required to prove a specific amount of tax due and owing at trial, it, of course, should not be required to allege such an amount in the indictment or in a bill of particulars. See United States v. Harrold, 796 F.2d 1275, 1278 (10th Cir. 1986), cert. denied, 479 U.S. 1037 (1987) ("Defendant's claim that the indictment should have included the amount of taxes owed is meritless. In a Section 7201 prosecution the government is not obligated to prove the precise amount owed.").

---

[1] Although 26 U.S.C. § 7201 only requires that an additional tax be due and owing, the First Circuit appears to follow other circuits in requiring that the additional tax be substantial. See Sorrentino, 726 F.2d at 879 n.1.

Moreover, defendant's motion should be denied because he cannot possibly demonstrate any "surprise" by the government's introduction of evidence concerning the amount of tax due and owing. See Paiva, 892 F.2d at 154 (purpose of a bill of particulars is "to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, *to avoid surprise at trial*, and to protect against double jeopardy") (emphasis added). Not only does the Indictment specifically advise the defendant that the United States will be introducing evidence concerning the amount of tax due and owing, but the United States has informed the defense of the name and qualifications of the I.R.S. revenue agent it will be calling to establish that a substantial tax is, in fact, due and owing. It will hardly come as a surprise when this witness testifies that if the more than $1.1 million of income alleged in the Indictment were included in Hatch's tax returns, a substantial tax would be due and owing to the United States.[2]

Finally, to the extent the defense motion seeks information as to the method the revenue agent will employ to determine the amount of tax due and owing, the defendant is impermissibly utilizing Rule 7(f) as a general discovery device. Addonizio, 451 F.2d at 64 (affirming denial of motion for bill of particulars, stating that "It is still firmly established, for example, that a defendant is [not] entitled to a wholesale discovery of the Government's evidence."). Where, as here, the Indictment fully and in great detail delineates the elements of the charged offenses, the defendant cannot utilize Rule 7(f) as a means of obtaining further discovery from the government.

---

[2] The issue in this case will be defendant's state of mind, not whether he would have owed a substantial tax to the United States had he included the various sources of income on his tax returns.

For all of the foregoing reasons, the government respectfully requests that the defendant's Motion for a Bill of Particulars be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the day of December, 2005, a copy of the within Government's Objection, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074