**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-98T** |
| | : | |
| **RICHARD HATCH** | : | |

## DEFENDANT'S OJBECTION TO GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY

Now comes the defendant, Richard Hatch, by and through counsel, and hereby objects to the Government's Motion to Preclude Expert Testimony. A memorandum of law in support of this motion is attached hereto.

Respectfully submitted,
Richard Hatch
By his attorneys,

[signature]

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams /JTM
Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 1-3-06 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 05-98T** |
| | : | |
| **RICHARD HATCH** | : | |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S OJBECTION TO GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY</u>**

Counsel for Mr. Hatch intends to call Daniel Urso, CPA, as an expert witness at trial. Mr. Urso is a certified public accountant with over fifteen years of experience. He has prepared over three hundred corporate tax returns and seven thousand personal tax returns. Mr. Urso prepared Mr. Hatch's 2003 and 2003 corporate and personal returns. He has reviewed the 2000 and 2001 personal and corporate returns prepared by Jodi Rodriguez-Wallis for Mr. Hatch and Tri-Whale Training. Mr. Urso, with the assistance of Mr. Hatch, has attempted to prepare amended returns for these time periods.

Counsel for Mr. Hatch notified the government of its intent to utilize Mr. Urso as an expert witness in the following areas:

a. Mr. Hatch's accounting and bookkeeping abilities are below normal;
b. It is a common experience to have tax problems when trauma occurs or an unusual change in business or income. Both occurred in Mr. Hatch's case;
c. Mr. Hatch has been continuously attempting to resolve his tax problems by filing amended tax returns for 2000 and 2001. An amended return cannot be completed at this time because of the enormity of the records involved and the refusal of Jodi Rodriquez-Wallace, CPA to cooperate in any manner;
d. The 2000 and 2001 tax returns submitted to Mr. Hatch by Jodi Rodriquez-Wallace, CPA were incorrect and incompetently prepared;

e. The expenses incurred by Mr. Hatch in attempting to revive the Horizon Bound Charity were legitimately tax deductible;
f. An accountant's ethical duties and responsibilities in preparing individual and corporate returns.

The proposed areas of expert testimony are within the scope of Rule 702 of the Federal Rules of Criminal Procedure and directly relevant to the issues in this case. For instance, a defendant's poor grasp of bookkeeping principles is a relevant area for expert accountant testimony. See United States v. Morales, 108 F.3d. 1031 (9th Cir. 1997); United States v. Lankford, 955 F.2d. 1545 (11th Cir 1992). In addition, a defendant's efforts at correcting erroneous tax returns are admissible to show lack of willfulness. Berkovitz v. United States, 213 F.2d. 468 (5th Cir, 1954); Heindel v. United States, 150 F.2d. 493 (6th Cir 1945).

The heart of the government's tax charges (counts 1 – 3) is that the 2000 individual federal return and 2001 individual and corporate federal returns filed by Mr. Hatch did not include all of his taxable income. Mr. Hatch does not dispute that approximately $1.3 million in income is missing from these returns. Relevant to the issue of willfulness, however, is why this income was unreported. Mr. Urso's testimony as to accuracy of these returns is directly relevant to the issue of willfulness. His testimony is also relevant on the issue of whether a substantial income tax was due on the unreported income. Further, his testimony as to the ethical duties and responsibilities of an accountant in preparing corporate and individual returns also bears on the issue of willfulness.

At issue in the counts charging wire fraud, mail fraud and bank fraud (counts 4 - 10) are the charitable donations made to Horizon Bound. The indictment alleges that Mr.

Hatch received four donations for Horizon Bound totaling $36,500. The indictment alleges that this money was spent on personal expenses and not for any charitable purpose. What constitutes a legitimate charitable expense goes to the issue of fraudulent intent. Mr. Urso is expected to testify the Horizon Bound expenses were in fact legitimate charitable expenses.

For the foregoing reasons, the defendant respectfully requests that this Court deny the government's motion to preclude expert testimony.

Respectfully submitted,
Richard Hatch
By his attorneys,

Michael Minns /JM

Michael Louis Minns, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

Enid Williams /JM

Enid Williams, Esq.
Michael Louis Minns, P.L.C.
9119 South Gessner, Suite One
Houston, TX 77074
(713) 777-0772
(713)-777-0453 (FAX)

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 1-3-06 a true copy of this document was delivered to A.U.S.A. Andrew Reich and A.U.S.A. Lee Vilker, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.