**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 05-98T |
| | : | |
| RICHARD HATCH | : | |

## GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE CONCERNING DEFENDANT'S PURPORTED EFFORTS TO PREPARE AMENDED RETURNS

The United States of America, by and through its undersigned attorneys, respectfully moves to preclude defendant from introducing evidence concerning his purported efforts to prepare amended returns after the commencement of an audit by the Internal Revenue Service. In support of this Motion, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

In hereby certify that on the 11th day of January, 2006, a copy of the within Government's Motion, was delivered by hand to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lee Vilker, A.U.S.A.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR 05-98T |
| | : | |
| RICHARD HATCH | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE CONCERNING DEFENDANT'S PURPORTED EFFORTS TO PREPARE AMENDED RETURNS**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of the Government's Motion to Preclude Defendant from Introducing Evidence Concerning Purported Efforts to File Amended Tax Returns.

The defense has indicated that it will seek to introduce evidence that the defendant has attempted to prepare amended tax returns for the tax years at issue in this case. Defendant Richard Hatch ("Hatch") has advised that he will seek to elicit this testimony both through the testimony of Daniel Urso, CPA, who has purportedly worked with defendant in the preparation of amended returns, as well as through questioning of the defendant's former accountant on cross-examination. As evidence of defendant's belated efforts to prepare amended returns would be irrelevant and confusing, any such evidence should be barred under Rules 401 and 403 of the Federal Rules of Evidence.

Defendant filed his 2001 tax return on October 9, 2002, and his 2000 tax return on November 19, 2002. On July 28, 2003, the IRS mailed to Hatch a letter indicating that it was

commencing an audit of Hatch's 2000 tax return. On August 6, 2003, Justin Holden, Esq. sent a letter to the IRS indicating that he would be representing Hatch in the audit process. On September 4, 2003, October 1, 2003, November 5, 2003, November 14, 2003, and December 9, 2003, an IRS revenue agent met with Mr. Holden concerning defendant's 2000 and 2001 tax returns. On October 27, 2004, the United States Attorney's Office delivered a letter to Mr. Holden informing him that a federal criminal investigation had commenced concerning alleged acts of tax evasion (26 U.S.C. § 7201) and the filing of false tax returns (26 U.S.C. § 7206) by Hatch for tax years 2000 and 2001. On January 6, 2005, Hatch signed a plea agreement and on January 18, 2005, the United States filed an information with the Court charging defendant with having committed tax evasion for tax years 2000 and 2001. Defendant has never filed amended 2000 or 2001 tax returns.

Defendant has not advised the Government when he claims to have first begun working on the preparation of amended tax returns for the years 2000 and 2001. To the extent that such conduct took place after he was advised that the IRS had commenced an audit (*i.e.*, after August 6, 2003), any evidence related to defendant's purported efforts to complete an amended return should be barred as irrelevant and confusing.

The Court of Appeals for the Eight Circuit recently had an opportunity to consider a defendant's attempt to introduce an amended tax return into evidence. In United States v. Radtke, 415 F.3d 826 (8th Cir. 2005), the defendant, charged with filing a false tax return, sought to introduce into evidence an amended return he filed after he was indicted. The Court of

Appeals affirmed the district court's refusal to admit such evidence, holding that:

> Whether an amended tax return filed post-indictment technically might be 'relevant' to the taxpayer's intent at the time he filed the original return, there is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime. The district court excluded this evidence because it was 'of no probative value, and at best . . . confusing to the jury.' Given that there was little, if any, probative value in [defendant]'s amended filing, the district court did not abuse its discretion in ruling that any minimal probative value was substantially outweighed by danger of confusing the issues and misleading the jury.

Id. at 840-41 (citations omitted). The case at bar provides an even more compelling argument for exclusion than did Radtke, in which an amended return was at least filed. Here, Hatch has never even filed an amended tax return. Any minimal probative value that may attach to Hatch's mere thinking about filing an amended return would be substantially outweighed by the danger of confusing the issues and misleading the jury.

It has long been the law that evidence of an intent to report any pay taxes in the future does not negate willfulness. See Sansone v. United States, 380 U.S. 343, 354 (1965). Indeed, courts have routinely rejected attempts by defendants to introduce evidence of post-offense efforts to file amended returns or pay delinquent taxes as irrelevant and confusing. For example, in United States v. Ross, 626 F.2d 77, 81 (9th Cir. 1980), the Court of Appeals for the Ninth Circuit affirmed the district court's refusal to admit evidence that in the years following the filing of the false return the defendant had filed proper 1040 tax returns and offered to pay any delinquent taxes that were the subject of the indictment, holding that "the conduct of defendant in the years subsequent to 1972, 1973 and 1974 was not relevant to the charge that defendant had wilfully failed to file tax returns in those three years." Id. at 81. See also United States v. Reed,

821 F.2d 322, 325-26 (6th Cir. 1987)(Court's exclusion of evidence of defendant's conduct after time frame in Indictment held proper); and United States v. Campbell, 351 F.2d 336, 340 (2d Cir. 1965) (payment of tax subsequent to acts of evasion is not defense to the charge of tax evasion), cert. denied, 383 U.S. 907 (1966).

In the case at bar, the issue for the jury to decide will be whether the defendant willfully filed false tax returns in October and November of 2002. It is simply irrelevant to this issue whether the defendant took steps to prepare amended returns after he was informed in August 2003 that the IRS had initiated a civil audit. The self-serving nature of this conduct diminishes its probative value to the point that the evidence should be barred as irrelevant under Rule 401. Moreover, allowing the defendant to introduce evidence concerning his conduct in the years following the alleged crimes would sidetrack this case into an irrelevant and confusing diversion, concerning issues such as the timeline at which defendant worked on the amended returns and the reasons, if any, why amended returns were never completed or filed. Evidence of defendant's attempt to file amended returns should therefore be barred as confusing and misleading under Rule 403 of the Federal Rules of Evidence.

For all of these reasons, the government respectfully requests this Court preclude the defendant from introducing any evidence concerning his purported attempt to prepare and file amended tax returns.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

In hereby certify that on the 11th day of January, 2006, a copy of the within Government's Motion to Preclude Testimony Concerning Efforts to Prepare Amended Return, was delivered by hand to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lee Vilker, A.U.S.A.