**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 05-98T** |
| | : | |
| **RICHARD HATCH** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S REQUEST FOR A 2-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorneys, respectfully submits this Reply to Defendant's Objection to Government's Request for a 2-Level Enhancement for Obstruction of Justice. In support of this Reply, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of May, 2006, a copy of the within Government's Reply, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

Lilawa M. Steele

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-98T |
| | : | |
| RICHARD HATCH | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO DEFENDANT'S OBJECTION TO GOVERNMENT'S REQUEST FOR A 2-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of its Reply to Defendant's Objection to Government's Request for a 2-Level Enhancement for Obstruction of Justice.

In this Reply Memorandum of Law, the government will address one of the legal issues raised in defendant's Objection. The government will not respond to the factual assertions set forth by the defendant, since we believe that the factual issues have been adequately addressed in the government's initial Memorandum of Law in Support of the 2-Level Adjustment for Obstruction of Justice.

Defendant claims that while lies to a probation officer about certain matters can support an obstruction of justice enhancement, the failure to disclose assets cannot. In support of his claim, defendant relies on two cases, United States v. St. Cyr, 977 F.2d 698 (1st Cir. 1992), and United States v. Stergios, 370 F. Supp.2d 328 (D.Me. 2005). Neither case, in fact, supports

his position. In St. Cyr, the issue did not concern the defendant's nondisclosure of assets, but whether he fully advised the probation officer of his prior criminal record. In Stergios, the Court found that the defendant's failure to disclose assets to the probation officer did not "fall squarely within the category of 'providing materially false information to a probation officer with respect to a presentence or other investigation for the court,'" and therefore did not apply the obstruction adjustment. Stergios, 370 F. Supp.2d at 330. The decision does not set forth the facts surrounding the defendant's disclosures to the probation officer; however, it is clear that the Court was not precluding the possibility of applying the adjustment in other situations involving the failure to disclose assets to a probation officer.

In fact, courts have applied the obstruction adjustment in situations involving the failure to disclose assets to a probation officer. For example, in United States v. Nelson, 54 F.3d 1540 (D.C. Cir. 1995), the Court applied the adjustment when the defendant was asked by the probation officer whether he had a bank account, and replied, untruthfully, that he did not. In Nelson, the defendant also argued that his false statement was immaterial because, as it turned out, there was very little money in the bank account. Hatch takes a similar position in his Memorandum, arguing that the properties in question, at least in

his view, are worthless and therefore immaterial. The Court in Nelson rejected the materiality argument, holding that:

> "The amount of money in the account does not change our conclusion. A material statement is one that, if believed, would *tend to influence or affect* the imposition of setnece. U.S.S.G. § 3C1.1, comment n. 5 (1994). A small amount of money could form the basis of an award of restitution or imposition of a fine. In addition, a defendat's financial history, insofar as it is revealed by examining bank accounts, could provide valuable information to a sentencing court in determining the defendant's ability to pay restitution. Finally, as the district court observed, failing to disclose the existence of a bank account could be material in that it prevents law enforcement officials from following possible leads establishing the financial status of the defendant. As such, the failure to disclose the existence of a bank account, regardless of the amount of money in the account at a given time, could influence or affect the sentencing court's decision and is, therefore, material under § 3C1.1."

Nelson, 54 F.3d at 1544. (See also United States v. Smaw, 993 F.2d 902 (D.C. Cir. 1993), where the Court upheld imposition of the obstruction adjustment based on the defendant's failure to disclose to a probation officer his ownership of a house, and also rejected the defendant's argument that the nondisclosure was immaterial since he had no equity in the house.)

Likewise, in United States v. Anderson, 68 F.3d 1050 (8th Cir. 1995), the Court upheld the obstruction adjustment where the defendant failed to provide financial information to a probation officer. In Anderson, the defendant argued that the adjustment should not apply since the information he provided to the

probation officer was merely incomplete, but not affirmatively false. The Court rejected that argument.

> "... Anderson's conduct was not a mere denial of guilt or a refusal to provide information. Instead, Anderson, while purporting to cooperate, was in reality providing false financial data in an attempt to conceal assets."

Anderson, 68 F.3d at 1055 n. 4.

For all of the above reasons, the government respectfully urges this Court to reject the defendant's argument that the failure to disclose assets to a probation officer cannot form the basis of an obstruction adjustment under Guideline § 3C1.1.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ANDREW J. REICH
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of May, 2006, a copy of the within Government's Memorandum of Law, was mailed by overnight mail, postage prepaid, to the following:

John MacDonald, Esq.
One Turks Head Plaza
Suite 1440
Providence, R.I. 02903

Michael Minns, Esq.
9119 South Gessner
Suite One
Houston, TX 77074

[signature]