```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

UNITED STATES OF AMERICA           C.R. NO. 05-98 T

Vs.

RICHARD HATCH                      NOVEMBER 9, 2005

                                   Providence, RI


         BEFORE MAGISTRATE JUDGE LINCOLN D. ALMOND


**APPEARANCES:**


FOR THE GOVERNMENT:                ANDREW REICH, ESQ.
                                   LEE VILKER, ESQ.
                                   U.S. ATTORNEY'S OFFICE
                                   Fleet Center
                                   50 Kennedy Plaza
                                   8th Floor
                                   Providence, RI 02903
                                   401-709-5000



FOR THE DEFENDANT:                 JOHN F. MacDONALD, ESQ.
                                   1440 Turks Head Place
                                   Providence, RI 02903
                                   421-1440

NOVEMBER 9, 2005

THE COURT: Good afternoon. We're here today in United State of America vs Richard Hatch, CR No. 05-98 T. We're here for argument on defendant's motion to compel production of IRS special agent's report. That motion has been referred to me for determination by Chief Judge Torres. Can the attorneys who are here today identify themselves for the record, please?

MR. REICH: Andrew Reich and Lee Vilker on behalf of the United States of America.

MR. MacDONALD: John MacDonald on behalf of Richard Hatch.

THE COURT: All right. I'll hear from you, Mr. MacDonald.

MR. MacDONALD: Thank you, your Honor. Good afternoon, your Honor.

THE COURT: Good afternoon, Mr. MacDonald.

MR. MacDONALD: I had filed a motion and memorandum of law on behalf of counsel for Mr. Hatch. Lead counsel Michael Minns was unable to attend this hearing. Co-counsel Enid Williams has been unable to attend. They have asked in their stead that I argue the motion on Mr. Hatch's behalf.

The basis of the motion, your Honor, is that we are compelling production of the special agent's report.

1  This is a report.  It is what it says it is.  It's a
2  report from the special agent and includes a list of a
3  number of items that we believe we feel we're entitled
4  to.  We haven't looked at the special agent's report.  I
5  can't say for certain what's in there, but based upon
6  the experience of Mr. Minns in handling these cases,
7  we've argued by way of memorandum what we believe would
8  be in there, specifically any and all statements of
9  Mr. Hatch contained in the special agent's report, and
10  any and all exculpatory evidence, specifically
11  exculpatory evidence in terms of the number of witnesses
12  who were summonsed in this case, who were interviewed in
13  this case, the fact that those witnesses may have been
14  targets of the investigation, may have criminal
15  liability.  It goes to Brady.  It goes to the
16  exculpatory nature of the evidence.
17     Now I can't state here and tell you that there's
18  absolutely one hundred percent statements from Mr. Hatch
19  in there, only that generally speaking there are
20  statements from Mr. Hatch, and we're entitled, pursuant
21  to Rule 16, of all statements from Mr. Hatch.  Again, in
22  terms of exculpatory evidence, I can't tell you that
23  absolutely in this report is there contained exculpatory
24  evidence but I believe our request is narrow enough and
25  tailored enough to compel either production of the

```
 1   reports or to compel an in camera review by the Court.
 2   Now, my brother has --
 3              THE COURT:  Mr. MacDonald, in any case that comes
 4   before this Court, if there's any kind of an
 5   investigative report, those investigative reports
 6   technically are protected from disclosure under Federal
 7   Criminal Procedure 16(a)(2).  Any criminal defense
 8   attorney in the future, if I would agree with your
 9   position, could stand up in the future and say, I
10   speculate that there are statements of the defendant; I
11   speculate that there's exculpatory material; I speculate
12   that there is whatever, that you believe is disclosable
13   information in that report, and then that would either
14   require compelled disclosure or in camera review by the
15   Court in every case.  As I read the cases, and in
16   particular a recent First Circuit case in United States
17   vs Caro-Muniz it seems to me that it places the burden
18   on the defendant to show with some sufficient
19   particularity to have some grounds to establish that
20   there is information in there that the Government is
21   withholding that should be disclosed, not simply that
22   it's just maybe there, we think it's likely there.  Some
23   particular evidence or some particular reason why this
24   case should be treated differently and I should order an
25   in camera review or disclosure.  Do you have anything to
```

1  support that argument?
2         MR. MacDONALD: Certainly, your Honor. This is a
3  unique case. It started as a civil investigation of
4  Mr. Hatch and it later turned into a criminal
5  investigation. This is a unique report prepared by IRS,
6  the special agent in this matter from the Internal
7  Revenue Service. The Caro case, I believe, is
8  distinguishable, your Honor, because there the 71 tapes
9  which included hours of conversations which the
10 defendant in that case wanted an in camera review, was
11 clearly a burdensome request. Here we're dealing with a
12 file from a special agent that the Court can quickly
13 review and determine whether or not there is
14 discoverable statements from Mr. Hatch, whether or not
15 there's evidence of an exculpatory nature. The
16 Government has indicated that there's not, and that
17 indication from the Government would simply be confirmed
18 by the Court. We believe in this instance that we're
19 entitled to it and we ask the Court to order it.
20        THE COURT: Thank you, Mr. MacDonald. Mr. Reich.
21        MR. REICH: Your Honor, although Mr. MacDonald
22 states that this is a unique case and this is a unique
23 report, there's no way in which he distinguished the
24 uniqueness of this case or the uniqueness of this report
25 from, as this Court observed, any other case where

1  defense counsel could come in and say they want to see
2  the report that was prepared by the agent who
3  investigated the case.  The Government is well aware of
4  its obligations under Rule 16, of its obligation to
5  provide all exculpatory evidence to the defense, and
6  also is well aware of this Court's discovery order that
7  it issued at the time of arrangement, and we have
8  complied with all of those orders and all of those
9  obligations.  In fact, we have provided over 4,000 pages
10 of documents to the defendant pursuant to our
11 obligations.
12    The report in question is an agent's report.  It's
13 the special agent's report from the IRS.  It's a report
14 that details the results of his investigation.  It's a
15 report that is initially reviewed by the IRS.  It's a
16 report that is submitted to the tax division for their
17 review, and it's ultimately submitted to the United
18 States Attorney's Office, and we use it as the basis for
19 deciding what charges to submit to the grand jury for
20 its consideration.
21    Mr. MacDonald openly acknowledged that basically he
22 is purely speculating when he says that he believes the
23 report may contain exculpatory information.  The report,
24 in fact, does not contain any exculpatory information.
25 We have provided the over 4,000 documents that we

```
 1  already discussed.  In his motion he states that the
 2  report has statements of Mr. Hatch.  The report does not
 3  have statements of Mr. Hatch.  And, indeed, we don't
 4  really feel as though we even need to respond with
 5  particularity as to what --
 6          THE COURT:  Mr. Reich, have you reviewed that
 7  file personally?
 8          MR. REICH:  Yes, I have, your Honor.
 9          THE COURT:  All right.
10          MR. REICH:  I have, your Honor.  And I can tell
11  you there are no statements of Mr. Hatch in that report,
12  and I can tell you that all exculpatory information has
13  already been provided to the defense.
14    It's clear that this motion is purely a fishing
15  expedition to try to allow for the defense to attempt to
16  look at documents which they're clearly not entitled to
17  under Rule 16.  As this Court observed, Rule 16(a)(2)
18  specifically exempts these types of reports from the
19  disclosure rules unless the reports otherwise fall
20  within the disclosure rule requirements of Rule 16, such
21  as if it contains a statement of the defendant or
22  exculpatory information.  And the First Circuit, and
23  other circuits, clearly place the obligation to
24  determine whether the Government's reports contain
25  exculpatory information on the Government, and we have
```

```
 1   met that obligation in this particular case, your Honor.
 2       The First Circuit case, the Caro-Muniz case,
 3   specifically talks about the fact that the burden is on
 4   the Government to look through its files to determine
 5   whether or not its files contain exculpatory
 6   information, that it does not give a right to the
 7   defendant to go through the files to make that
 8   determination, and also that it's not necessary for the
 9   Court to conduct an in camera review to make that
10   determination.  And, indeed, other circuits have
11   followed that same reasoning.
12       In our brief we cited the United States vs Michaels
13   case, which is a Ninth Circuit case in which the Court
14   stated, and I quote, "The appellant's mere speculation
15   about materials in the Government's files does not
16   require the district court, or this Court, under Brady,
17   to make the materials available for the appellant's
18   inspection, nor does Brady require the trial court to
19   make an in camera search of the Government files for
20   evidence favorable to the accused."  We also cited a
21   Fourth Circuit case, United States vs Holmes, which held
22   the same way.  And I've already specifically talked
23   about Rule 16(a)(2) which specifically exempts this type
24   of report, and we agree, and we believe, that it would
25   indeed establish a very bad precedent for the Government
```

1  to be required to turn over a report like this based on
2  nothing more than mere speculation on the part of
3  defense counsel that the report may contain statements
4  of the defendant or may contain exculpatory information.
5  Thank you, your Honor.
6         THE COURT:  Anything further, Mr. MacDonald?
7         MR. MacDONALD:  No, your Honor.  Thank you.
8         THE COURT:  All right.  I've reviewed the cases
9  cited by both parties in their memos.  Based primarily
10 on Federal Rules of Criminal Procedure 16(a)(2) as well
11 as the recent First Circuit decision in the case United
12 States vs Caro-Muniz, I find the defendant has not made
13 a sufficiently particularized showing to warrant the
14 extraordinary measure of either disclosure of the
15 special agent's file or the extraordinary measure of in
16 camera review by the Court.  Thus, for those reasons,
17 I'm going to deny defendant's motion to compel
18 production of the IRS's special agent's report.  Is
19 there anything further we need to deal with today?
20 Mr. Reich?
21        MR. REICH:  No, your Honor.
22        MR. MacDONALD:  No, your Honor.  Thank you.
23        THE COURT:  The Court will stand in recess.
24 (RECESS)
25

**C E R T I F I C A T I O N**

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/sJOSEPH A. FONTES/
COURT REPORTER
AUGUST 3, 2009
DATE