UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD HATCH                  :
                               :
       v.                      :      CR No. 05-098S
                               :
UNITED STATES OF AMERICA       :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Richard Hatch's Motion for Leave to Proceed In Forma Pauperis ("IFP") and For Court Appointed Counsel on Appeal. (Document No. 177). Hatch notes that he was deemed financially unable to obtain an adequate defense in his underlying criminal case. Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Hatch's Motion for Leave to Appeal IFP and For Court Appointed Counsel.

Hatch's right to appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Hatch's Motion for Certificate of Appealability was denied by District Judge Smith because Hatch "failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2)." (Document No. 170). Hatch has still failed to make such a showing. Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Hatch's Motion to Appeal IFP.

Next, the Court considers Hatch's request for appointment of counsel. "A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Although the First Circuit has indicated that, "in certain circumstances, the appointment of counsel for a section 2255 petitioner might be warranted, such cases are few and far between." Ellis, 313 F.3d at 653 citing United States v. Mala, 7 F.3d 1058, 1063-1064 (D.P.R. 1993).

From a review of the documents filed in this case to the present time, the Court finds that Hatch has the capacity to prosecute the claim, and that Hatch has a basic understanding of the legal procedures to be followed. If the District Court determines that an evidentiary hearing is warranted, Hatch may refile his Motion for Appointment of Counsel and the Court will reconsider the request. See Rule 8(c), Federal Rules Governing Section 2255 Cases. Thus, the Court determines that Hatch does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself. Thus, I recommend that the District Court DENY without prejudice, the Motion for Appointment of Counsel.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b);

LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2011